DISCIPLINARY COUNSEL *v.* SIMPSON.

[Cite as *Disciplinary Counsel v. Simpson,* **138 Ohio St.3d 94, 2014-Ohio-54.**]

*Attorneys—Misconduct—Failure to promptly deliver funds that client is entitled to receive—Failure to cooperate in disciplinary investigation—Consent to discipline—One-year suspension stayed on conditions.*

(No. 2013-0922—Submitted July 9, 2013—Decided January 21, 2014.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 12-097.

————————————

**Per Curiam**.

{¶ 1} Respondent, Jeffrey Glenn Simpson of Toledo, Ohio, Attorney Registration No. 0080376, was admitted to the practice of law in Ohio in 2006. On December 10, 2012, relator, disciplinary counsel, charged Simpson with professional misconduct following Simpson's representation of a landlord in an eviction matter. After obtaining a judgment in favor of his client and taking possession of a rent-payment check issued by the tenant, Simpson then lost or misplaced the check, failed to pay his client the rent money, and failed to respond to his client's numerous requests for information about the rent payment. Relator also alleged that Simpson failed to cooperate in the subsequent disciplinary investigation regarding the matter.

{¶ 2} A panel of the Board of Commissioners on Grievances and Discipline considered the cause on the parties' consent-to-discipline agreement. *See* BCGD Proc.Reg. 11.

{¶ 3} In the consent-to-discipline agreement, Simpson stipulates to the facts alleged in relator's complaint and agrees that his conduct violated Prof.Cond.R. 1.4(a)(4) (requiring a lawyer to comply as soon as practicable with

reasonable requests for information from the client), 1.15(d) (requiring a lawyer to promptly deliver funds or other property that the client is entitled to receive), 8.1(b) (prohibiting a lawyer from knowingly failing to respond to a demand for information by a disciplinary authority during an investigation), and 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law) and Gov.Bar R. V(4)(G) (requiring a lawyer to cooperate with a disciplinary investigation). Relator requests the dismissal of the alleged violation of Prof.Cond.R. 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice).

{¶ 4} The parties stipulate that mitigating factors include the absence of a prior disciplinary record, the payment of full restitution to the client, and Simpson's evidence of good character and reputation. *See* BCGD Proc.Reg. 10(B)(2)(a), (c), and (e). As an aggravating factor, the parties note that Simpson engaged in multiple offenses by failing to respond to his client's requests for information about the recovered rent payment, failing to deliver the rent payment to the client, and failing to promptly respond to relator's requests for information during the investigation. *See* BCGD Proc.Reg. 10(B)(1)(d)**.** Based upon these factors, the parties stipulate that the appropriate sanction for Simpson's misconduct is a one-year suspension from the practice of law, with the entire suspension stayed upon the conditions that Simpson engage in no further misconduct and comply with all treatment recommendations from the Ohio Lawyers Assistance Program ("OLAP"), Dr. Daniel J. Rapport, and/or Dr. John Wryobeck.

{¶ 5} The panel and board found that the consent-to-discipline agreement conforms to BCGD Proc.Reg. 11 and recommend that we adopt the agreement in its entirety.

{¶ 6} We agree that Simpson violated Prof.Cond.R. 1.4(a)(4), 1.15(d), 8.1(b), and 8.4(h) and Gov.Bar R. V(4)(G) and, as stated in the parties'

agreement, that this conduct warrants a one-year suspension, with the entire suspension stayed on conditions. Therefore, we adopt the parties' consent-to-discipline agreement, and we dismiss the charged violation of Prof.Cond.R. 8.4(d).

{¶ 7} Accordingly, Jeffrey Glenn Simpson is hereby suspended from the practice of law for a period of one year, with the entire suspension stayed upon the conditions that Simpson (1) comply with the treatment recommendations of OLAP, Dr. Rapport, and/or Dr. Wryobeck and (2) commit no further misconduct. If Simpson fails to comply with the conditions of the stay, the stay will be lifted, and Simpson will serve the entire one-year suspension. Costs are taxed to Simpson.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Karen H. Osmond, Assistant Disciplinary Counsel, for relator.

Justin Withrow and Michael C. Hennenberg, for respondent.

_____